Madden, Judge,
dissenting in part:
I agree with the decision of the court as to the second question stated by Judge Jones ,in his opinion. As to the first question stated, I disagree.
The provision of the contract for liquidated damages for delay, and the other provision for the recovery of excess costs if the work is completed by the Government, are not alternative provisions and are not aimed at the same default on the contractor’s part. If the contractor completes the work late, the Government gets the structure at exactly the contract price. But it has been denied the use of the structure for the period of the delay and hence gets the liquidated damages as compensation, the actual damages being agreed as being “impossible to determine.” The Government has suffered no addition to the contract price, but that does not prevent it *258 from obtaining compensation for the default that has occurred, viz, the delay.
There is nothing in the contract which requires the Government to choose as if the two provisions were alternative, when, in fact, one is intended as a remedy for delay and the ether is intended as a reimbursement for excess costs. If, as in all the cases cited in the opinion of the court, except the General Lighterage Company case, the work is not allowed to remain in the hands of the contractor beyond the time agreed for completion, there is reason for not permitting the Government to claim liquidated damages for delay in completion. An inquiry would have to be made to determine whether the Government itself used due diligence, or all possible diligence, in completing the work and thus mitigating the liquidated damages. And what the standard of the Government’s diligence should be is not set out in such contracts because the Government has not agreed to do the work but only reserved the privilege of doing it if it chooses.
So long, however, as the work is left in the hands of the contractor, the delay in completion is his sole responsibility, and there is no reason why he should escape the agreed remedy for it by the easy expedient of prolonging it to a time when the Government, needing the facilities contracted for, must take over and complete the work. If this becomes the established doctrine, the practice of the Government, often advantageous to both parties, of refraining from taking over the work even though it seems certain that it will not be completed on time, in the hope that the contractor, spurred by the liquidated-damages clause, will bend every effort toward a completion as soon as possible after the time, will no longer be prudent, since the contractor can often serve his interests better by doing nothing and thus compelling the Government to take over the work and forfeit the liquidated damages already accrued than by proceeding diligently.
I see no reason for reading into the contract a provision which is not there, when the ends served by such interpolation are neither equitable nor otherwise desirable.
I therefore would decide the case as Judge Whitaker has suggested in his dissenting opinion.